**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| WADHAH RAAD ALMILAJI | * |
| Plaintiff, | * |
| v. | Case No.: GJH-18-2435 |
| JS INTERNATIONAL, INC. | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Wadhah Raad Almilaji, a citizen of Connecticut, was hired by JS International, Inc. ("JSI"), a corporation formed and with its principal office in Maryland, to work as its Branch Manager in Iraq on June 27, 2017. Plaintiff alleges that, under the terms of their agreement, Defendant owes him $199,000.00. Defendant has moved to dismiss Plaintiff's claims. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendant's Motion to Dismiss is denied.

**I.    BACKGROUND[1]**

In July 2017, Defendant's subcontractor, a Turkish company called Limitless, contracted with an individual named Hayder Raad Abed to provide modular containers for living quarters. ECF Nos. 1-2, 6-1 ¶¶ 7-8. Abed breached that contract, so Defendant directed Plaintiff to procure and supply modular containers for living quarters to one of its subcontractors, promising to pay him in accordance with the prior contract. *Id*. ¶¶ 7-9. Plaintiff procured the modular living containers and delivered them to JSI on or about July 28, 2017, incurring $547,440.000 in costs.

---
[1] For the purposes of this Motion, the Court accepts the well-pleaded allegations in Plaintiff's Complaint as true.

1

*Id*. ¶ 10. However, JSI only made $400,000.00 of payments to Plaintiff. *Id*. ¶ 11.[2] Defendant also ordered Plaintiff to order a batch plant—a machine that mixes, stores, and casts concrete. *Id*. ¶ 12. Defendant agreed to purchase the plant for $63,000, but only paid Plaintiff $44,000. *Id*. Soon thereafter, Defendant ordered Plaintiff to procure office space in Baghdad, and he secured a commercial lease at a cost of $12,000. *Id*. ¶ 13. Defendant only paid Plaintiff $1,000 for this space. *Id*. ¶ 15. Defendant also directed Plaintiff to procure visas for seven JSI employees to work in Iraq, at a cost of $22,000. *Id*. ¶ 16. The employees never arrived in Iraq, and JSI refused to pay for the visas. *Id*.

Plaintiff has attached contracts, invoices, and receipts to his Complaint related to each of the above transactions. Many of these documents are in Arabic, and Defendants have offered translations of some of these documents that challenge Plaintiff's allegations as to their content. *See* ECF Nos 8-2, 8-3.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th

---

[2] It is unclear whether Plaintiff alleges that $147,000.00 remains due, as Plaintiff alleges in his Complaint, or $147,440.00 remains due, which is the difference between the alleged costs and the alleged payment made.

Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80. Finally, a court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

## III. DISCUSSION

Plaintiff brings claims for breach of contract, or, in the alternative, detrimental reliance, unjust enrichment, quantum meruit, or quantum valebant. Defendant seeks dismissal of each of these claims.

In Maryland, "a breach of contract claim is sufficiently pled when the pleader 'alleges the existence of a contractual obligation' and a 'material breach of that obligation' by the opposing party." *Yarn v. Hamburger Law Firm, LLC*, No. 1:12-03096, 2014 WL 2964986, at *3 (D. Md. 2014) (quoting *RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (Md. 2010)). To survive a motion to dismiss, "a complaint alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC*, 413 Md. at 655 (quoting *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 279 Md. 476, 480 (Md. 1977)) (emphasis in original). "[T]he necessary allegations of fact sufficient to state a cause of action . . . . in a simple factual situation vary from those in more complex factual situations." *Id*. (internal

quotations omitted). Plaintiffs "do not need to attach a complete copy of a contract to the complaint or provide specific language of the contract, but rather, they need only to provide enough information for the Plaintiffs to be able to craft a response." *Yarn*, 2014 WL 2964986, at *3. To establish a binding contract, "a plaintiff must adduce evidence of an offer and an acceptance, and of a meeting of the minds as to the essential terms of the contract." *ABT Assocs., Inc. v. JHPIEGO Corp.*, 9 F. App'x 172, 176 (4th Cir. 2001) (citing *Safeway Stores, Inc. v. Altman*, 296 Md. 486, 489 (Md. 1983)).

Plaintiff has alleged that Defendant asked him to "perform in place of Mr. Abed" in exchange for payment. The contract between Limitless and Abed contains specific items to be procured, specifications for those items, and prices. *See* ECF No. 1-2. Plaintiff contends that he agreed to Defendant's offer and performed the contract, but that he was not paid sufficiently.[3] For the purposes of withstanding a motion to dismiss, no more is needed. Defendants' arguments challenging Plaintiff's actual performance of the contract and the amount of damages are questions of fact not appropriate to resolve on a motion to dismiss. Plaintiff has therefore sufficiently pled the existence of a contract in regards to the supply of the modular shipping containers.

Plaintiff has similarly pled the existence of contracts in regards to the order of the batch plant, the commercial lease, and the visas. For each of these transactions, Plaintiff alleges that he and Defendant agreed that he would supply the needed machine, lease, and visas in exchange for a sum of money. Defendant again raises multiple disputes of fact—claiming that its translations of the documents indicate lesser amounts owed on the lease or that Plaintiff was not involved in

---

[3] Though the contract between Abed and Limitless states that the modular containers cost $495,890 and Plaintiff seeks $547,000 pursuant to the contract, a motion to dismiss is not the appropriate time for the Court to resolve the question of damages.

4

the batch plant transaction—but these disputes are improper at this stage of litigation. Therefore, Defendants' Motion to Dismiss Plaintiff's breach of contract claim is denied.

To state a claim for detrimental reliance, Plaintiff must establish:

1. a clear and definite promise;
2. where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee;
3. which does induce actual and reasonable action or forbearance by the promisee; and
4. causes a detriment which can only be avoided by the enforcement of the promise.

*Pavel Enters., Inc. v. A.S. Johnson Co.*, 342 Md. 143, 166 (Md. 1996). Here, Plaintiff alleges that Defendant promised to pay him in accordance with the agreement between Mr. Abed and Limitless. He alleges that Defendant directed him to perform in accordance with this agreement, which is sufficient to establish that Defendant had a reasonable expectation that Plaintiff would have taken action. He also alleges that he did, in fact, take action by procuring "the modular living containers and other necessary supplies and equipment." ECF No. 6-1 ¶ 10. And finally, he alleges that due to the actions taken pursuant to this promise, he incurred costs of $547,440.00, of which only $400,000 was reimbursed. Therefore, Plaintiff states a claim for detrimental reliance.

To state a claim for unjust enrichment, Plaintiff must allege that "(1) the plaintiff confer[red] a benefit on the defendant: (2) the defendant kn[ew] or appreciate[d] the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances would be inequitable without the paying of value in return." *Mona v. Mona Elec. Group, Inc.,* 176 Md. App. 672, 712-13 (Md. Ct. Spec. App. 2007). Plaintiff claims that he supplied Defendant with modular living containers, a batch plant, and an office lease—all at Defendant's request—and that Defendant accepted these benefits. It would be inequitable for Defendant to keep these

goods without paying the value in return; therefore, Plaintiff has stated a claim for unjust enrichment.

Maryland law recognizes two forms of quantum meruit.[4] One form allows recovery when services are performed for the defendant regardless of the defendant's request, as a form of implied-in-fact contract; the other allows recovery for services not requested by the defendant, as a form of quasi-contract. *See Alternatives Unlimited, Inc. v. New Baltimore City Bd. of Sch. Comm'rs*, 155 Md. App. 415, 482-87 (Md. Ct. Spec. App. 2004). The latter of these, when based on the same factual predicate, is redundant with a claim for unjust enrichment. *Id*. at 487-88. Because Plaintiff has not stated which theory of recovery he pursues, the Court will construe Plaintiff's claim as the implied-in-fact form of quantum meruit. Under this form, Plaintiff must establish that "the parties had a contract that can be seen in their conduct rather than in an explicit set of words." *Mohiuddin v. Doctors Billing & Mgmt. Sols., Inc.*, 196 Md. App. 439, 447-48 (Md. Ct. Spec. App. 2010). By way of example, the plaintiff in *Mohiuddin* was a doctor alleging that he was owed compensation from two defendants: a medical group that employed him and another medical group whose patients he was periodically assigned to see. *Id*. at 444-45. But because the plaintiff had not pled that the latter group had ever agreed to pay him, he failed to establish a claim for an implied-in-fact contract. *Id*. at 449. The same is true here for Plaintiff's procurement of office space and acquisition of visas; Plaintiff does not allege that Defendant agreed to pay him for this work. However, Plaintiff alleges that Defendant agreed to pay him for the modular living containers and acknowledged the debt for the batch plant. *See* ECF No. 6-1 ¶¶ 9, 17. Therefore, the quantum meruit claim survives as to these two transactions.

---

[4] Count Five, quantum valebant, only differs from quantum meruit in that goods must be involved in a claim for quantum valebant. *See ABB, Inc. v. Pena*, No. L-10-83, 2011 WL 906651, at *3 (S.D. Tex. 2011). Because the presence of goods is not at issue, the Court will refer to both as quantum meruit for the purposes of this motion.

In response to each of these claims, Defendant contends—in a myriad of ways—that Plaintiff's allegations are false. Defendant argues that the documents attached to the Complaint are in conflict with the allegations, it offers translations of the attachments that have not been submitted as affidavits under the penalty of perjury, and it offers conflicting documents that show the amounts at issue have been paid. Plaintiff asserts that the documents attached to the Complaint only showed a portion of the costs incurred, and that discovery will reveal additional proof of his allegations. *See* ECF No. 9-1 at 2.[5] Defendant's arguments are improper to resolve on a motion to dismiss and insufficient to prevail even if the Court were to convert the instant motion to one for summary judgment pursuant to Fed. R. Civ. P. 56. Therefore, Defendant's Motion to Dismiss is denied.

## IV.    CONCLUSION

Defendant's Motion to Dismiss, ECF No. 8, is denied. A separate Order shall issue.

Date: July   15,  2019                            /s/ _____
                                                  GEORGE J. HAZEL
                                                  United States District Judge

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.